United States District Court
Southern District of Texas
**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MANJUNATH BHIMAPPA VATAMURI, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04906 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN L. FRINK *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Manjunath Bhimappa Vatamuri filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 21, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates constitutional guarantees of due process and equal protection. Id at ¶¶22–66.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that Petitioner's claims fail on the merits. Id at 4–12.

Petitioner on reply reasserts his due process and equal protection claims, while also attempting to distinguish cases relied on by the Government and cited by prior order. See Dkt 6 at 4–6.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

On July 2, 2026, after briefing closed in this action, the Fifth Circuit issued a separate decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16.

In light of *Sosnava Rodriguez*, the Government was ordered to state a position as to what impact, if any, that decision had on the lawfulness of detention in this matter. Dkt 7. But on July 10, 2026, that decision was vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013). The Government in response stated the decision had been vacated. Dkt 8. Petitioner didn't state a position as to *Sosnava Rodriguez* despite opportunity to do so. See Dkt 7.

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody

determination beyond the mandate of 8 USC §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.
- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.
- *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003), is not controlling authority under the *Marks* rule.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Manjunath Bhimappa Vatamuri is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

So ordered.

Signed on July 22, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge